NEW-YORK,
May, 1805.

Bogert & Mans-
field
v.
Lingo.

## Peter Bogert and Samuel Mansfield *against* Cornelius Lingo, impleaded with James M'Guire.

If the drawee of a bill be in partnership with the draw-er, who with another person, constitute a distinct house, a promise by such drawee, after arrest, to pay the bill which he had before refused to accept. is no evidence that he is one of the house under the stile of which the bill is drawn, though the signature be in the name of the drawer's part-ner. " & Co.", therefore on such promise, an action can-not be main-tained against such drawee, as drawer.

ASSUMPSIT, against the defendants as the drawers of a bill of exchange, signed " *M'Guire & Co,*" addressed to " *Cornelius Lingo,*" and indorsed " *William Robinson.*"

*M'Guire* and *Armstrong,* constituting the firm of *M'Guire & Co,* drew the bill in question on *Cornelius Lingo,* who was one of the house of *M'Guire* and *Lingo,* but the two partnerships were in fact, really distinct concerns, as appeared from the testimony of persons knowing both houses, and deriving their information from the partners themselves, as well as their mode of doing business. The bill, being protested for non-acceptance, a writ was sued out against *Lingo,* who was taken, and while in custody, upon being shewn the draft, promised, without having it read to him, that he would pay it, if the plaintiffs would let him go another voyage. There was no testimony of the hand writing of either drawers or indorsor, or that *Lingo,* made one of the house of *M'Guire & Co,* excepting such as might be inferred from the promise of *Lingo.* For the utter deficiency of all evidence on these points, the counsel for the defendants insisted at *nisi prius* on a nonsuit. Being overruled by the court, on the two first, the last was left to the jury who found for the plaintiffs.

The case now came before the court on a motion for a new trial, on the same grounds as those urged at the circuit.

*Hawes* for the defendant. To entitle the plaintiffs to recover, they were bound to make out every position ; the handwritings of the drawers, and indorsor, and that *Lingo* was a partner in the house of *M'Guire & Co.* The holder derives title through the indor-sor, and must therefore prove his signature. *Chitty,* 201. *Bayley,* 115. The law is the same, though the bill be indorsed at the time of acceptance. *Smith* v. *Chester* 1 D. & E. 654. The liability of

*Lingo* as a drawer, was only in consequence of his being a partner in the house of *M'Guire & Co.* that is, so far from being established, that it is negatived. The promise to pay is immaterial; it was made as drawee of the bill, and therefore cannot be of avail in an action against the drawer. Besides, a promise when under arrest, is, as to that suit, a species of duress, and therefore void. *Rouse* v. *Redwood*, 1 *Esp. Rep.* 155.

*Bogert* and *Hoffman*, contra. To prove the handwriting of the indorsor is unnecessary in an action against the acceptor, because acceptance operates as an acknowledgment of the signature. *Hankey* v. *Wilson*, *Say.* 223. The promise to pay, in the present case, had the same effect. The *nisi prius* decision in *Espinasse*, is opposed to this doctrine. The point there was, that a promise to pay, made by a person ignorant of a fact by which he was discharged in law, would not, in favour of a person to whom such fact was known, create any responsibility. This reasoning does not apply to the case before the court. Whether *Lingo* constituted one of the house of *M'Guire & Co.* was matter for jury consideration. *Drake* & *Pinckney* v. *Witaker** and *ors.* 1 *N. Y. T. R.* 184. The verdict has settled that he was.

* See the case.

*Per curiam.* The judge ought to have nonsuited the plaintiffs at the trial, the verdict must therefore be set aside with costs to abide the event of the suit. There was not evidence sufficient, that *Lingo* was one of the house of *M'Guire & Co.* who drew the bill, to let the cause go to the jury. It was a verdict clearly against the weight of evidence, and ruled wrong by the judge. The court, however, do not decide between the case in *Sayer*, and that in *D. & E.* nor whether it was, in the present instance necessary to prove the handwriting of the indorsor, because it is not necessary to the judgment we now deliver.